**TREFT, Appellant,**

v.

**LEATHERMAN, Appellee.**

[Cite as *Treft v. Leatherman* (1991), 74 Ohio App.3d 655.]

Court of Appeals of Ohio,
Hancock County.

No. 5–90–15.

Decided June 26, 1991.

656

*John G. Rust,* for appellant.

*Daniel M. Snyder,* for appellee.

Shaw, Judge.

Plaintiffs-appellants, Cheryl A. Treft, Carl Borsani and Marge Borsani, appeal from a judgment of dismissal rendered in the Court of Common Pleas of Hancock County upon their complaint alleging defendant-appellee's legal malpractice. Since the trial court found that the complaint failed to state a cause of action, the following statement of facts is based on those facts stated in the complaint and asserted during oral argument before the trial court.

In September 1987, defendant-appellee, Michael J. Leatherman, was appointed by the Hancock County Court of Common Pleas to represent appellant, Cheryl Treft, on charges of aggravated drug trafficking pending before that court. Treft was found guilty of the charges in a jury trial, but the jury's verdict was set aside by the trial court because of certain improprieties that occurred in the jury room. Treft, represented by Leatherman, subsequently entered pleas of guilty to the charges and was sentenced accordingly.

In June 1989, Treft and her parents, Carl Borsani and Marge Borsani, initiated the instant legal malpractice action, alleging Leatherman's negligence and intentionally tortious conduct with respect to his relationship with Treft. Plaintiffs Treft and the Borsanis filed an amended complaint in July 1989. However, the amended complaint was stricken for failure to comply with Civ.R. 15.

On September 29, 1989, the trial court dismissed Carl Borsani and Marge Borsani as party plaintiffs upon finding that no attorney-client relationship existed between the Borsanis and Leatherman. In the same judgment entry, the trial court also dismissed the complaint for failure to state a cause of action. However, Treft was granted leave to file an amended complaint.

Treft filed the first amended complaint on October 6, 1989. Subsequently, following a hearing upon Leatherman's motion to dismiss the amended complaint for failure to state a cause of action, the trial court pronounced its decision that the complaint would be dismissed. Prior to the trial court's decision being journalized, Treft moved for reconsideration and for leave to file a second amended complaint. The trial court's decision dismissing the complaint was journalized on January 26, 1990.

Plaintiffs assign three errors to the judgment of the trial court alleging that the trial court erred in (1) dismissing the first amended complaint, (2) not granting the motion for reconsideration and failing to allow Treft to file a second amended complaint, and (3) dismissing the Borsanis as party plaintiffs and dismissing the initial complaint.

We first consider appellants' argument under the third assignment that Treft's parents, Carl Borsani and Marge Borsani, were prejudiced by the trial

court's order dismissing them as parties to the action. The syllabus of *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 538 N.E.2d 1058, reads as follows:

"To state a cause of action for legal malpractice arising from criminal representation, a plaintiff must allege (1) an attorney-client relationship giving rise to a duty, (2) breach of that duty, and (3) damages proximately caused by the breach."

█ The attorney-client relationship in this case existed between Treft and appellee. The relationship, and any duty arising therefrom, did not extend to Treft's parents, the Borsanis. Therefore, the trial court did not err in dismissing the Borsanis as parties to the action.

As regards Treft's argument under the third assignment that the trial court erred in dismissing the initial complaint for failure to state a claim, we find that no prejudice resulted to Treft because, in the same journal entry, the trial court also granted Treft leave to file an amended complaint. Accordingly, the third assignment of error is overruled.

We turn now to a consideration of Treft's argument under the first assignment that the trial court erred in dismissing the first amended complaint because it did not state a cause of action. Treft contends that the complaint stated a cause of action as to:

"(1) allegations that Leatherman was negligent in failing to advise Treft how to maintain a proper relationship with the Findlay Police Department as an informant which resulted in the state not offering a plea bargain to Treft;

"(2) allegations that if Leatherman had attempted plea negotiations prior to the initial jury trial Treft would have received a lesser sentence than she did upon her subsequent plea of guilty after the jury verdict was set aside;

"(3) allegations that Leatherman did not take the appropriate legal steps necessary to obtain medical care that was denied Treft by prison officials while she was imprisoned;

"(4) allegations that Leatherman's failure to subpoena Treft's probation officer at her bond revocation hearing resulted in Treft's bond being revoked and;

"(5) allegations that Leatherman's failure to investigate or consider the applicability of the defense of double jeopardy as a bar to the retrial resulted in Treft pleading guilty to the charges of aggravated drug trafficking after the jury's verdicts on those charges had been set aside."

█ In considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the trial court should not dismiss the complaint unless it appears beyond doubt from the complaint that the plaintiff

can prove no set of facts entitling her to recovery. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. The motion to dismiss tests only the sufficiency of the complaint and should not be utilized as a determination of whether plaintiff can prevail on the merits. *Slife v. Kundtz Properties, Inc.* (1974), 40 Ohio App.2d 179, 69 O.O.2d 178, 318 N.E.2d 557.

We first note that the fifth item listed by Treft in her appellate brief pertaining to the defense of double jeopardy was not actually included as a count in her first amended complaint. Therefore, we will not consider this allegation in our determination of this appeal.

■ We deem it appropriate at this juncture to reiterate the holding in *Krahn,* establishing an attorney's professional duty and the breach of that duty as elements of legal malpractice. As pertains to the allegations in the first and second items that Leatherman was negligent in failing to either obtain or solicit a plea bargain on Treft's behalf, Treft does not allege that a plea bargain was offered to her or Leatherman by the prosecution. Thus, there is no allegation in the complaint that Leatherman is liable for malpractice because he failed to disclose a plea bargain. See *Krahn v. Kinney, supra.* Therefore, in light of the fact that there is no *right* to a plea bargain, we do not believe that the mere allegation that Leatherman failed to obtain a plea bargain, when no offer was made by the state, sufficiently pleads the element of duty or the violation thereof essential to stating a cause of action for legal malpractice.

■ Likewise, as pertains to Treft's allegations regarding medical care, we find that no professional duty devolved upon Leatherman to secure medical attention for Treft while she was incarcerated. Similarly, we do not believe that the allegation that Leatherman failed to call a witness at Treft's bond revocation hearing rises to the level of a breach of his professional duty to Treft.

Upon consideration of the foregoing, we conclude that the trial court did not err in dismissing the complaint. Accordingly, the first assignment of error is overruled.

In her second assignment of error, Treft first argues that the trial court erred in not allowing her to file a second amended complaint after dismissal of the first amended complaint. However, we note that insofar as the trial court's dismissal of the first amended complaint was ostensibly without prejudice, Treft was not prejudiced by the trial court's failure to grant the motion.

Treft next argues in the second assignment that the trial court erred in failing to grant her motion for reconsideration of dismissal of the first amended complaint. However, for the reasons set forth under the preceding assignment of error, we find this argument to be without merit. Accordingly, the second assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY and EVANS, JJ., concur.