BARNES, Appellant,

v.

TOLLIVER, Appellee.

[Cite as *Barnes v. Tolliver* (1995), 100 Ohio App.3d 391.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67249.

Decided Jan. 23, 1995.

*Theodore Nathan Napoleon Barnes, pro se.*

*Stanley E. Tolliver, Sr., pro se,* and *Caesar Harris,* for appellee.

*Per Curiam.*

This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 25.

Plaintiff-appellant Theodore Nathan Napoleon Barnes, appearing *pro se,* appeals from the trial court's dismissal of his complaint with prejudice against defendant-appellee Stanley E. Tolliver, Sr., Esq. for legal malpractice. We reverse and remand for the reasons hereinafter stated.

This case arose out of defendant's representation of plaintiff in the Cleveland Municipal Court (case No. 89–TRD–22429–C), in which plaintiff was convicted of three misdemeanor traffic violations. Those convictions were never appealed. However, they were the subject of another suit brought by plaintiff against the city of Cleveland, various city officials, police officers and prosecutors (C.P. case No. CV–207129), in which summary judgment in favor of defendants was affirmed

by this court. See *Barnes v. Garetner* (June 17, 1993), Cuyahoga App. No. 62738, unreported, 1993 WL 215396.

Plaintiff initially brought the instant suit on February 8, 1990. It was voluntarily dismissed by plaintiff without prejudice on February 23, 1993. It was refiled by plaintiff on March 19, 1993. Defendant filed a motion to dismiss on March 17, 1994, in which he claimed that he had filed a motion claiming insanity in the traffic court on the day of trial, which should have deferred the trial. Plaintiff responded. On April 13, 1994, defendant's motion to dismiss was granted with prejudice and without opinion. A timely appeal ensued.

Plaintiff's two assignments of errors state as follows:

"I.  Stanley E. Tolliver, Sr., Esq., who is the defendant-appellee, about, near, or on Monday, October 16, 1989, issued a refund check to Theodore Nathan Napoleon Barnes, who is the plaintiff-appellant, thereby admitting his guilt of legal malpractice and legal misfeasance and thereby giving the plaintiff-appellant further evidence to use in filing a complaint, civil lawsuit, or civil action against the defendant-appellee!!!

"II.  Any and all allegations made by Stanley E. Tolliver, Sr., Esq., who is the defendant-appellee, that he does not have any money to pay the plaintiff-appellant, who is Theodore Nathan Napoleon Barnes, in judgements of compensatory and punitive damages are not acceptable!!!"

Although these assignments of error on their face fail to assert error for which this court may grant relief on the appeal, we have reviewed the whole record and considered plaintiff's brief for the purpose of doing justice to a *pro se* plaintiff.

The essence of plaintiff's voluminous complaint below and his brief in this court rests on his contention that defendant committed legal malpractice. The allegations of the complaint, liberally construed, assert that plaintiff retained defendant to defend him in the city's criminal prosecution for three traffic offenses; that defendant agreed to defend him and accepted a $500 retainer; that defendant was negligent and committed legal malpractice in not adequately investigating and preparing the defense; that defendant failed to meet the standard of care required in such circumstances; that defendant failed to attend the trial on the traffic violations, leaving plaintiff in jeopardy; that, as a result, plaintiff was unjustly convicted; and that plaintiff did not get "his money's worth" for defendant's legal services. These allegations are sufficient on their face to assert a claim for legal malpractice as stated by the Supreme Court in *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 538 N.E.2d 1058, syllabus:

"To state a cause of action for legal malpractice arising from criminal representation, a plaintiff must allege (1) an attorney-client relationship giving rise to a duty, (2) breach of that duty, and (3) damages proximately caused by the breach."

■ In considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the trial court should not dismiss the complaint unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. "The motion to dismiss tests only the sufficiency of the complaint and should not be utilized as a determination of whether plaintiff can prevail on the merits." *Treft v. Leatherman* (1991), 74 Ohio App.3d 655, 659, 600 N.E.2d 278, 281.

■ Although the motion to dismiss attached unverified materials raising defendant's motion for insanity defense, these papers were not properly considered on a motion to dismiss and raised disputed issues of fact. Notwithstanding defendant's argument to the contrary, there is no indication in the record that the trial court treated the motion as a motion for summary judgment as permitted by Civ.R. 12(B).

The dismissal is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

SPELLACY, P.J., PORTER and DYKE, JJ., concur.