RUMLEY, Appellant,

v.

BUCKINGHAM, DOOLITTLE & BURROUGHS, Appellee.

[Cite as *Rumley v. Buckingham, Doolittle & Burroughs* (1998), 129 Ohio App.3d 638.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE09–1262.

Decided Sept. 1, 1998.

*Ira B. Sully,* for appellant.

*Ray & Alton, Frank A. Ray* and *Barbara A. Roubanes,* for appellee.

---

PETREE, Judge.

Plaintiff, Rex B. Rumley, appeals from a judgment of the Franklin County Court of Common Pleas that granted the Civ.R. 12(B)(6) motion to dismiss filed by defendant, Buckingham, Doolittle, and Burroughs, a legal professional association. On appeal, plaintiff advances the following four assignments of error:

"I. The trial court erred in granting BD&B's motion to dismiss plaintiff's breach of contract claim.

"II. The trial court erred in granting BD&B's motion to dismiss plaintiff's negligence and legal malpractice claims.

"III. The trial court erred in granting BD&B's motion to dismiss plaintiff's promissory estoppel claim.

"IV. The trial court erred in granting BD&B's motion to dismiss plaintiff's claim for declaratory judgment."

According to the facts set forth in plaintiff's complaint, in August 1995, plaintiff and John W. Ferron, one of the attorneys employed by defendant, discussed the possibility of defendant's representing plaintiff in connection with plaintiff's employment claims against his former employer. Upon Ferron's assurances that the law firm would zealously represent him in pursuit of his claims, plaintiff, on August 24, 1995, signed a contingency fee contract and tendered a $200 deposit to be applied toward future out-of-pocket costs incurred or advanced by defendant in connection with services rendered by defendant.

Defendant filed a complaint on behalf of plaintiff against his former employer; however, the complaint was voluntarily dismissed without prejudice in January 1997. Ferron informed plaintiff that he would refile the action at a later date.

In late January 1997, Ferron advised plaintiff that he was resigning his employment with defendant effective the end of January 1997. Ferron notified defendant's managing attorneys that arrangements would need to be made for another of the firm's attorneys to represent plaintiff. However, no arrangements were made before Ferron left defendant's employ in early February 1997. Ferron was prohibited from taking plaintiff's file pursuant to defendant's policy concerning departing attorneys.

In early February 1997, plaintiff asked Ferron if he would be able to continue representing plaintiff or if defendant would assign another of the firm's attorneys to his case. Ferron told plaintiff his new law partners would accept the case only

if it were transferred without any financial encumbrances or obligations owing from plaintiff to defendant, or from Ferron's new firm to defendant. Upon Ferron's urging, plaintiff contacted Robert W. Briggs, one of defendant's attorneys, to discuss whether defendant would continue to represent him. Briggs informed plaintiff in March 1997 that defendant would no longer represent him.

Plaintiff filed the instant complaint alleging that defendant's refusal to continue to represent him in his action against his former employer constituted a breach of contract, negligence, and legal malpractice and is barred by the doctrine of promissory estoppel. Plaintiff also sought a "declaration of his rights in his relationship with Defendant." An unsigned copy of the August 24, 1995 agreement between plaintiff and defendant is attached to plaintiff's complaint as Exhibit A.[1] Plaintiff requested relief in the form of compensatory and punitive damages and/or specific performance of the contract, a declaratory judgment in his favor, and reasonable attorney fees.

On June 27, 1997, defendant moved to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(6), on the ground that the complaint failed to state a claim upon which relief could be granted. By decision and entry dated August 26, 1997, the trial court dismissed plaintiff's complaint. It is from this judgment that plaintiff now appeals.

■■ To determine the gist of plaintiff's cause of action, this court must examine the facts underlying his claim. *Steinmetz v. Francis J. Lowry, D.D.S. & Assoc., Inc.* (1984), 17 Ohio App.3d 116, 118, 17 OBR 179, 180–181, 477 N.E.2d 671, 673–674. The allegations against defendant of breach of contract, negligence, legal malpractice, and promissory estoppel and plaintiff's request for a declaratory judgment all arise out of defendant's refusal to continue representation of plaintiff in his action against his former employer. In other words, all of plaintiff's claims are premised upon defendant's alleged acts or omissions committed in its representation of plaintiff. Thus, all of plaintiff's claims sound in legal malpractice, regardless of his attempt to label his causes of action as something other than legal malpractice. *Jenkins v. Talda* (June 9, 1994), Franklin App. No. 94APE02–137, unreported, 1994 WL 250156. In *Muir v. Hadler Real Estate Mgmt. Co.* (1982), 4 Ohio App.3d 89, 4 OBR 170, 446 N.E.2d 820, this court stated:

"Malpractice by any other name still constitutes malpractice. As stated in *Richardson v. Doe* (1964), 176 Ohio St. 370, at page 372 [27 O.O.2d 345, at page 346–347, 199 N.E.2d 878, at page 879–880], malpractice consists of 'the professional misconduct of members of the medical profession and attorneys.' Such

---

1. Plaintiff asserts in his complaint, upon information and belief, that defendant is in possession of the original signed contract.

professional misconduct may consist either of negligence or of breach of the contract of employment. It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice." *Id.* at 90, 4 OBR at 171, 446 N.E.2d at 822.

Accordingly, because this court must consider all of plaintiff's claims as legal malpractice rather than as their individual claims, the assignments of error will be considered together.

■ As just noted, the essence of plaintiff's complaint below and his brief in this court rests on his contention that defendant committed legal malpractice. The allegations of the complaint, liberally construed, assert that plaintiff retained defendant to represent him in an employment action against his former employer, that defendant agreed to represent him and accepted a $200 retainer, that defendant committed legal malpractice in refusing to continue to represent him after Ferron left defendant's firm and/or in placing unacceptable monetary and other conditions upon Ferron's new law firm, which have effectively barred Ferron from resuming his representation of plaintiff, and that, as a result, plaintiff is now without an attorney to represent him in his action against his former employer.

■ These allegations are sufficient on their face to assert a claim for legal malpractice. The elements of a legal malpractice action are (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 105, 538 N.E.2d 1058, 1060–1061; *Howard v. Sweeney* (1985), 27 Ohio App.3d 41, 43, 27 OBR 43, 45–46, 499 N.E.2d 383, 386. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Thompson v. Cent. Ohio Cellular, Inc.* (1994), 93 Ohio App.3d 530, 538, 639 N.E.2d 462, 467. A Civ.R. 12(B)(6) motion should not be used as a determination of whether plaintiff can prevail on the merits. *Treft v. Leatherman* (1991), 74 Ohio App.3d 655, 659, 600 N.E.2d 278, 280–281. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R.12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley v. Gibson* [1957], 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80], followed.)" *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In construing a complaint upon a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be made in favor of the nonmoving party. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064–1065.

■ This court's interpretation of the allegations set forth in plaintiff's complaint reinforces the concept of notice pleading within Civ.R. 8(A). "Under Civ.R. 8(A) and (E), a claim should concisely set forth only those operative facts sufficient to give 'fair notice of the nature of the action * * *.'" *Salamon v. Taft Broadcasting Co.* (1984), 16 Ohio App.3d 336, 338, 16 OBR 385, 387, 475 N.E.2d 1292, 1295, quoting *DeVore v. Mut. of Omaha Ins. Co.* (1972), 32 Ohio App.2d 36, 38, 61 O.O.2d 21, 22, 288 N.E.2d 202, 203.

We conclude that the language of the complaint sufficiently discloses both defendant's alleged breach of duty to plaintiff and damages resulting therefrom. Whether defendant is required to continue its representation of plaintiff, whether defendant actually placed unacceptable monetary and other conditions upon Ferron's new law firm, that effectively barred Ferron from resuming his representation of plaintiff, and whether plaintiff is without an attorney to represent him in his action against his former employer are factual issues more appropriately tested and determined through discovery, followed perhaps by motions for summary judgment rather than by a motion to dismiss. Accepting the allegations as set forth in plaintiff's complaint as true and drawing every inference taken therefrom in a light most favorable to plaintiff, we conclude that plaintiff's complaint is sufficient to survive a Civ.R. 12(B)(6) motion to dismiss. Accordingly, plaintiff's assignments of error are sustained.

For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is hereby reversed, and the cause is remanded for further proceedings in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

LAZARUS, J., concurs.

TYACK, J., concurs separately.

TYACK, Judge, concurring separately.

I agree with the decision to review the trial court's ruling which dismissed this case. However, I do not agree that all of the theories pleaded in the complaint "sound in malpractice." I believe that a valid contract case exists between an attorney and a client. I further believe that such a contract can be breached without the attorney's being guilty of malpractice.

I would therefore reverse the trial court's judgment, but leave theories other than professional negligence for consideration by the trial court upon remand.