OPINION
STATEMENT OF THE FACTS AND CASE
On November 3, 1998, Appellant retained Appellee to represent her in her divorce and entered into a representation agreement with same. (T. at 71).
On November 16, 1998, Appellee filed a Complaint for Divorce which included a Request for Exclusive Occupancy and a Motion and Entry for a Restraining Order. (T. at 71).
On December 10, 1998, temporary support was denied pursuant to Loc. R. 9.21, which prevents an order of support in a situation where the parties are cohabiting. (T. at 22).
On December 21, 1998, a hearing was held on Appellant's Motion for Exclusive Occupancy, which the court denied. (T. at 72-73).
Appellant notified Appellee that on February 23, 1999, an altercation occurred between Appellant and her husband which she claimed resulted in an assault on her.
On March 5, 1999, based on the above, Appellee filed a Motion for modified temporary orders and for exclusive occupancy.
The Magistrate set the motions for hearing on April 7, 1999.
Counsel for Appellant's husband filed a motion for continuance, which did not include the consent of Appellee.
The trial court granted the continuance and rescheduled the motions' hearing for May 3, 1999.
At the hearing on May 3, 1999, the trial court was advised that Appellant's husband had vacated the residence. Based on same, the trial court scheduled a hearing for May 26, 1999, to initiate spousal and child support which could now be ordered since cohabitation had ceased.
On or about May 25, 1999, prior to the May 26th hearing, Appellant terminated her representation by Appellee.
Following the May 26, 1999 hearing, by Entry dated July 16, 1999, the trial court granted support to Appellant.
Said support was granted on the motions filed on behalf of Appellant by Appellee.
Appellee filed a complaint seeking outstanding fees and costs for services provided during his representation of Appellant.
Appellant answered and counter-claimed, alleging legal malpractice for breaching his duty to secure child support and spousal support.
This matter was tried to the court, which by Judgment Entry dated April 11, 2001, found in favor of Appellee on his complaint for attorney fees and against Appellant on her claim for malpractice.
It is from this decision on her claim of malpractice which Appellant appeals, assigning the following errors:
 ASSIGNMENTS OF ERROR I. WHETHER THE TRIAL COURT'S FINDING FOR THE PLAINTIFF AND AGAINST THE DEFENDANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
 II. WHETHER THE TRIAL COURT'S FINDING FOR THE PLAINTIFF AND AGAINST THE DEFENDANT IS CONTRARY TO LAW.
 I., II.
Appellant argues that the trial court's finding in favor of Appellee and against Appellant is against the manifest weight of the evidence and contrary to law. More specifically, Appellant argues that trial court erred in failing to find in her favor on her counterclaim against Appellee for legal malpractice. We disagree.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. Gonzalez v. Henceroth Enterprises,Inc., (1999), 135 Ohio App.3d 646. Where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the court, the reviewing court must give deference to such findings and conclusions. Myers vs. Garson (1993), 66 Ohio St.3d 610, 614. The underlying rationale of giving deference to the conclusion of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and to use these observations in weighing the credibility of the testimony. Id. at 615. It is pursuant to this standard of review, that we consider appellant's assignments of error.
In the case sub judice, the evidence establishes that the Appellee's inability to acquire support on behalf of Appellant prior to May, 1999, was caused by the cohabitation of the parties involved in the divorce and the existence of the local rule which prohibits orders of support in such situations. Once said cohabitation terminated, Appellee again sought such order of support, which was subsequently granted.
Appellant argues that the trial court's decision was contrary to law in that it applied the three-part test in Rumley v. Buckingham, Doolittleand Burroughs (1998), 129 Ohio App.3d 638 and Whitaker v. Kear, Spetnageland Allyn (1997), 123 Ohio App.3d 413, which Appellant argues was rejected by the Ohio Supreme Court in Vahila v. Hall (1997),77 Ohio St.3d 421.
A review of Whitaker, supra, reveals that the test imposed was that enunciated in Vahila.
The Rumley case, however, used the test set forth in Krahn v. Kinney
(1989), 43 Ohio St.3d 103, 105, which held that the elements of a legal malpractice action are :
 (1) an attorney-client relationship giving rise to a duty;
(2) a breach of that duty; and
(3) damages proximately caused by the breach.
(emphasis added).
The Ohio Supreme Court in Vahila v. Hall (1997), 77 Ohio St.3d 421, stated the following with respect to establishing an action for legal malpractice:
 "[W]e hold that to establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show
 (1) that the attorney owed a duty or obligation to the plaintiff;
 (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law; and
 (3) that there is a causal connection between the conduct complained of and the resulting damage or loss.
(emphasis added).
In Vahila, the Ohio Supreme Court went on to state:
 We are aware that the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim. See * * * [Krahn v. Kenney (1989), 43 Ohio St.3d 103, 106]. However, we cannot endorse a blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter. Such a requirement would be unjust, making any recovery virtually impossible for those who truly have a meritorious legal malpractice claim." Vahila at 427-8.
The Ohio Supreme Court in Vahila specifically rejected the argument that the element of causation in the context of a legal malpractice action should require a plaintiff to prove that he or she would have been successful in the underlying matter(s) giving rise to the complaint:
 A strict "but for" test also ignores settlement opportunities lost due to the attorney's negligence. The test focuses on whether the client would have won in the original action. A high standard of proof of causation encourages courts' tendencies to exclude evidence about settlement as too remote and speculative. The standard therefore excludes consideration of the most common form of client recovery.'" Id. at 426, 674 N.E.2d at 1169, quoting Note, The Standard of Proof of Causation in Legal Malpractice Cases (1978), 63 Cornell L.Rev. 666, 670-671.
The record demonstrates that the trial court followed the standard set forth in Vahila.
The trial court did not apply a strict but-for test.
In the present case, the trial court found that Appellant failed to present any evidence that Appellee breached his duty to Appellant. (4/11/01 Judgment Entry at 5). The Court further found that assumingarguendo that Appellee had breached said duty, Appellant failed to present any evidence of consequential damages. (4/11/01 Judgment Entry at 5.)
Based on the foregoing, we find that the decision of the trial court is not against the manifest weight of the evidence nor contrary to law.
Appellant's first and second assignment of error are overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court, Ohio is affirmed. Costs assessed to appellant.
Hon. Julie A. Edwards, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.