[Cite as *RBS Citizens, N.A. v. Krasnov*, 2013-Ohio-1670.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98997**

## RBS CITIZENS, N.A.

PLAINTIFF-APPELLEE

vs.

## YURIY KRASNOV, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-742261

**BEFORE:** Stewart, A.J., Boyle, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 25, 2013

**FOR APPELLANT YURIY Y. KRASNOV**

Yuriy Y. Krasnov, Pro Se
363 Balmoral Drive
Richmond Heights, OH    44143


**FOR APPELLANT YURIY K. KRASNOV**

Yuriy K. Krasnov, Pro Se
363 Balmoral Drive
Richmond Heights, OH    44143


**FOR TATIANA KHODAKOVA**

Tatiana Khodakova, Pro Se
363 Balmoral Drive
Richmond Heights, OH    44143


**ATTORNEYS FOR APPELLEE**

James L. Sassano
Eric T. Deighton
Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.
24755 Chagrin Boulevard, Suite 200
Cleveland, OH    44122

MELODY J. STEWART, A.J.:

{¶1} Defendants-appellants Yuriy Y. Krasnov, Yuriy K. Krasnov, and Tatiana Khodakova (unless otherwise noted, we shall refer to them collectively as "Krasnov"), appeal from a summary judgment granting a foreclosure judgment in favor of plaintiff-appellee RBS Citizens, N.A. They argue that RBS lacked standing to file the complaint, that Tatiana Khodakova should have been dismissed from the case, and that the court erred by granting summary judgment because the allegations contained in their counterclaim necessarily precluded RBS's claims. We do not address any of these arguments, however, because we find that the court's attempt to certify the foreclosure judgment for appeal was ineffective because it was nonfinal.

{¶2} In Krasnov's third assignment of error, he raises an issue regarding his counterclaim. As RBS notes, Krasnov did not file his counterclaim with his answer. He filed it some six weeks after the complaint had been filed, and without first obtaining leave of court. RBS filed a motion to strike the counterclaim, but the court denied that motion. By doing so, the court implicitly allowed the counterclaim to stand, so the counterclaim is properly before the court and is still pending.

{¶3} Krasnov's counterclaim alleged that RBS conducted a fraudulent inspection of the premises before granting the loan, thus inducing him to pay more for the house than its actual market value; that RBS withheld too much in escrow; and that RBS sabotaged

his application for loan relief. The court did not address the counterclaim when granting RBS's motion for summary judgment. Instead, in its order adopting the magistrate's decision, the court provided Civ.R. 54(B) certification that there was no just reason for delay. Krasnov argues that the court erred by failing to rule on his counterclaim before granting summary judgment on the foreclosure complaint.

{¶4} Civ.R. 54(B) allows the court to enter a final judgment on one or more but fewer than all of the claims of the parties upon an express determination that there is no just reason for delay. Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989), citing *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255, 444 N.E.2d 1068 (9th Dist.1981). "For purposes of a Civ.R. 54(B) certification, the trial court must make a factual determination as to whether or not an interlocutory appeal is consistent with the interests of sound judicial administration." *Dywidag Sys. Internatl., USA, Inc. v. Ohio Dept. of Transp.*, 10th Dist. No. 10AP-270, 2010-Ohio-3211, ¶ 27, citing *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 1993-Ohio-120, 617 N.E.2d 1136, paragraph one of the syllabus.

{¶5} In *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 533 N.E.2d 325 (1988), the Supreme Court stated:

> In an action upon a note secured by a mortgage, the defendant is entitled to interpose all counterclaims and defenses he may have against the creditor. Civ.R. 13(A) and (B). See, also, *Pierce v. Tiersch* (1883), 40 Ohio St. 168, paragraph one of the syllabus; *Allen v. Shackelton* (1864), 15 Ohio St. 145, at paragraph one of the syllabus. In this regard, trial courts are imbued with authority to hold separate trials upon "any claim, cross-claim,

counterclaim, or third party claim * * *." Civ.R. 42(B). However, whenever the court orders such separate trials on separate issues, the execution of all *judgments* determined upon a single claim should be stayed pending a final determination of the entire action as to all parties. Civ.R. 13(I) read in conjunction with Civ.R. 54(B), 56(D) and 62(E).

It is reasonably well-settled in Ohio that a court which has before it both a claim and a counterclaim cannot enter a final judgment in favor of either party until both claims have been determined. At that time, the amount of damages due to the party having the greater injury shall be reduced by the amount of damages suffered by the party having the lesser injury. *Gordon v. Steinmetz* (1905), 71 Ohio St. 372, 73 N.E. 512, 2 Ohio L. Rep. 441, * * * at paragraphs one and two of the syllabus; *Tipton v. Tipton's Admr.* (1892), 49 Ohio St. 364, 30 N.E. 826, * * *. In a foreclosure proceeding such final judgment will determine the rights of all the parties in the premises sought to be foreclosed upon. See *Benson's Admr. v. Stein* (1878), 34 Ohio St. 294, paragraph one of the syllabus. And where the mortgagor's damages ultimately exceed those of the mortgagee, the mortgagee's right to recover the premises is defeated.

*Id*. at 270. (Emphasis sic.)

{¶6} Consistent with *Marion Prod.*, appellate courts have held that "a court errs in ordering foreclosure and subsequent sale prior to complete disposition of a pending counterclaim, although a court may bifurcate a foreclosure and a counterclaim where the record reflects that the mortgagor would not be substantially harmed in the process." *Countrywide Home Loans Serv., L.P. v. Stultz*, 161 Ohio App.3d 829, 2005-Ohio-3282, 832 N.E.2d 125 (10th Dist.). And when the mortgagor asserts claims that, if proven, may offset the debt owed to the mortgagee, "we cannot see how anything other than a complete adjudication of all claims of indebtedness between the two parties would facilitate the interests of both judicial economy and justice." *Harness v. D. Jamison &*

*Assocs., Inc.*, 1st Dist. No. C-960735, 1997 Ohio App. LEXIS 2719 (June 25, 1997), citing *Marion Prod.*, *supra*, at paragraph one of the syllabus.

{¶7} Reading the allegations of the counterclaim liberally, *Barnes v. Tolliver*, 100 Ohio App.3d 391, 393, 654 N.E.2d 152 (8th Dist.1995), we conclude that they make out a fraud claim based on Krasnov's allegation that RBS, through its chosen appraiser, inflated the value of the house and misrepresented its physical condition in order to induce Krasnov's agreement to sign the promissory note. If proven, these allegations would necessarily affect the nature of any judgment issued in foreclosure. Krasnov sought either rescission of the promissory note or a money judgment. If either of those remedies were ordered in this case, the underlying foreclosure judgment would necessarily be affected. What is more, it is possible that Krasnov's damages could exceed those of RBS. Under these circumstances, the court's summary judgment was premature. By failing to rule on the counterclaim at all before granting RBS's motion for summary judgment on the foreclosure claim, the court put the cart before the horse.

{¶8} We therefore find that despite the court's attempt to certify no just reason for delay, the foreclosure judgment is not final and appealable. We therefore lack jurisdiction to hear this appeal.

{¶9} Accordingly, the appeal is dismissed.

It is ordered that appellee recover from appellants its costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
MARY EILEEN KILBANE, J., CONCUR